IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKE YELLEN,

    Plaintiff,                    No. CIV S-94-1298 GEB DAD P

  vs.

ANA M. OLIVAREZ, et al.,        <u>ORDER AND</u>

    Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his rights under the Eighth Amendment were violated during his incarceration at Deuel Vocational Institution (DVI) through exposure to contaminated water that was both unsafe to drink and unsanitary for bathing, cooking and maintaining oral hygiene. Plaintiff sought both money damages and injunctive relief. By order filed January 18, 2011, plaintiff's request for injunctive relief was dismissed as moot.

        On January 26, 2011, this court issued findings and recommendations recommending that this action be dismissed for lack of prosecution. Plaintiff did not file objections to the findings and recommendations, which were twice returned as undelivered. On March 1, 2011, the district court adopted the findings and recommendations and dismissed the

/////

1

action for lack of prosecution and for failure to respond to a court order.  Judgment was entered on the same day.

On March 21, 2011, plaintiff filed a notice of change of address.  Thereafter, the Clerk's Office reserved a copy of the March 1, 2011 order and judgment on plaintiff at his new address of record.  On April 7, 2011, plaintiff filed a motion for reconsideration of the March 1, 2011 order.  Defendants oppose the motion.

Plaintiff contends that on August 16, 2010, he wrote a letter to the Clerk of the Court notifying the Clerk of his new address.  The letter was not entered on the court's docket, and there is no evidence of when it was mailed by plaintiff or that it was received by the Clerk of the Court.  With their opposition, defendants Gomez, Olivarez, Pacheco, Reeves, and Stiles also present evidence that they did not receive plaintiff's August 16, 2010 letter.[1]

After review of the record, and good cause appearing, this court finds under the circumstances and in view of plaintiff's March 21, 2011 notice of change of address it would be unjust to allow the dismissal of this action for lack of prosecution to stand.  Instead, the matter should be resolved on the merits.  Accordingly, plaintiff's motion for reconsideration should be granted.  See Fed. R. Civ. P. 60(b)(6).

On August 29, 2011, plaintiff filed a motion for return of one of the bottles of water that plaintiff previously submitted as an exhibit in this action.  For the reasons set forth in the court expert's letter, those bottles and the water in them have no evidentiary value in this action. See Letter from Anthony Saracino, filed June 10, 2011, at 12.  Accordingly, plaintiff's motion will be granted and plaintiff will be directed to make arrangements with the Clerk of the Court to pick up all of the bottles that he has submitted to the court.

/////

/////

---

[1] Defendant Spano filed a separate opposition to plaintiff's motion for reconsideration and does not raise this argument.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's August 29, 2011 motion (Doc. No. 272) is granted. Plaintiff shall contact the Clerk's Office to make arrangements to pick up the bottles that he has submitted to the court.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's April 7, 2011 motion for reconsideration be granted;

2. The March 1, 2011 order and judgment thereon be vacated; and

3. This matter be referred back to the undersigned for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 13, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
yell1298.vac2