IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKE YELLEN,

    Plaintiff,                     No. CIV S-94-1298 GEB DAD P

    vs.

ANA M. OLIVAREZ, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed January 20, 2012, this court directed defendants to file, within thirty days, a renewed motion for summary judgment and to notice the motion for hearing pursuant to Local Rule 230(b). (Doc. No. 278 at 2.) The order further provided that defendants' renewed motion shall be briefed and considered pursuant to the provisions of Local Rule 230(b)-(i). (Id.)

        On February 1, 2012, plaintiff filed a motion to reopen discovery in this action. Therein, plaintiff explains that he seeks to conduct additional discovery about the reasons underlying construction of a new water treatment plant at Deuel Vocational Institution (DVI). Plaintiff also seeks an order requiring defendants to permit him access to DVI to collect additional water samples.

In this action, plaintiff claims that his rights under the Eighth Amendment were violated during his incarceration at DVI through exposure to contaminated water that was both unsafe to drink and unsanitary for bathing, cooking and maintaining oral hygiene. On this record, this court finds no reasonable likelihood that further discovery will be necessary to resolution of the merits of plaintiff's claim and, in particular, that exploration of the reasons the state chose to build a new water treatment plant is unlikely to reveal any material evidence not already before the court directly or by inference in the present record.[1] Moreover, even assuming arguendo that this court had the authority to require prison officials to allow a former state prisoner to enter a prison facility, the record does not support in any way plaintiff's request for permission to collect additional water samples at DVI since he is no longer incarcerated there.

Plaintiff has also filed a notice with the court indicating that he will be unavailable for the period from February 1, 2012 to February 29, 2012. Good cause appearing, defendants time to file their renewed motion for summary judgment will be extended to February 29, 2012. In all other respects, the provisions of this court's January 20, 2012 order will remain in full force and effect.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's February 1, 2012 motion to reopen discovery (Doc. No. 279) is denied;

2. The time for defendants to file their renewed motion for summary judgment is extended to February 29, 2012; and

/////

---

[1] A court appointed expert has reported that the water at DVI was of "poor aesthetic quality" with "an unpleasant taste" but that it did "not appear to present a health concern to the average person." Report from Anthony M. Saraceno, filed June 10, 2011 (Doc. No. 271), at 13. Resolution of plaintiff's Eighth Amendment claim will likely turn on whether the water at DVI during the time of his incarceration there was sufficiently "foul" as to violate Eighth Amendment standards, and on whether defendants are entitled to qualified immunity from liability with respect to plaintiff's Eighth Amendment claim. See Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996).

3. In all other respects, the provisions of this court's January 20, 2012 order remain in full force and effect.

DATED: February 15, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
yell1298.o3