1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    MIKE YELLEN,

11              Plaintiff,                 No. CIV S-94-1298 GEB DAD P

12         vs.

13    ANA M. OLIVAREZ, et al.,             ORDER AND

14              Defendants.                FINDINGS AND RECOMMENDATIONS

15    _____/

16              Plaintiff is a former state prisoner proceeding pro se with a civil rights action

17    pursuant to 42 U.S.C. § 1983.  Plaintiff claims that his rights under the Eighth Amendment were

18    violated during his incarceration at Deuel Vocational Institution (DVI) through exposure to

19    contaminated water that was both unsafe to drink and unsanitary for bathing, cooking and

20    maintaining oral hygiene.  Plaintiff sought both money damages and injunctive relief.  By order

21    filed January 18, 2011, plaintiff's request for injunctive relief was dismissed as moot.

22              On January 26, 2011, this court issued findings and recommendations

23    recommending that this action be dismissed for lack of prosecution.  Plaintiff did not file

24    objections to those findings and recommendations, which were twice returned by the U.S. Postal

25    Service as undelivered. On March 1, 2011, the assigned district court adopted those findings and

26    /////

1

1   recommendations and dismissed the action for lack of prosecution and for failure to respond to a
2   court order.  Judgment was entered on the same day.

3          On March 21, 2011, plaintiff filed a notice of change of address with the court.
4   Thereafter, the Clerk's Office reserved a copy of the March 1, 2011 order and judgment on
5   plaintiff at his new address of record.  On April 7, 2011, plaintiff filed a motion for
6   reconsideration of the March 1, 2011 order.  Defendants opposed the motion.  On December 14,
7   2011, this court issued findings and recommendations recommending that the motion be granted.
8   Those findings and recommendations were adopted by the assigned district judge on January 19,
9   2012, and the matter was referred back to the undersigned for further proceedings.

10          Pursuant to court order, on February 29, 2012, defendants filed motions for
11   summary judgment.[1]  Defendants' motions were noticed for hearing on April 27, 2012.
12   Plaintiff's opposition was therefore due April 13, 2012.  See Local Rule 230(c) (E.D.Cal.)  On
13   April 2, 2012, plaintiff filed a motion for an extension of time to file his opposition in order to
14   obtain test results on water samples he long-ago submitted as exhibits and had, with leave of
15   court, picked up from the court.  By order filed April 12, 2012, plaintiff's motion for an
16   extension of time was denied, but plaintiff was granted until April 20, 2012 to file his opposition
17   to the pending motions, and hearing on the motions was continued to May 11, 2012.

18          Nonetheless, plaintiff did not file any opposition to the pending motion by the
19   extended deadline.  By order filed April 30, 2012, plaintiff was directed to show cause in writing
20   within five days why the defendants' pending motions should not be granted.  That five day
21   period has expired and plaintiff has not responded to the order to show cause in any way.  For the
22   /////

---

23          [1] The deadline for filing said motions was originally set for thirty days from January 20,
24   2012.  See Order filed January 20, 2012.  On February 1, 2012, plaintiff filed a notice stating that
     he would be unavailable from February 1, 2012 through February 29, 2012.  For that reason, the
25   deadline for filing motions for summary judgment was extended by the court to February 29,
     2012 due to plaintiff's reported unavailability.  See Order filed February 15, 2012 (Doc. No.
26   281.)

1  reasons set forth infra, this court will recommend dismissal of this action pursuant to Federal

2  Rule of Civil Procedure 41(b).

3  "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

4  an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258,

5  1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a

6  court order the district court must weigh five factors including: '(1) the public's interest in

7  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

8  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

9  and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting

10  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)). See also Ghazali v. Moran, 46

11  F.3d 52, 53 (9th Cir. 1995).

12  In determining to recommend that this action be dismissed, the court has

13  considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly

14  support dismissal of this action. The action was filed almost eighteen years ago. Following

15  plaintiff's release from prison, the court has twice recommended dismissal of the action due to

16  plaintiff's failure to keep the court apprised of his current address, for lack of prosecution, or for

17  failure to respond to a court order. See Findings and Recommendations filed April 27, 2005

18  (Doc. No. 243); Findings and Recommendations filed January 26, 2011 (Doc. No. 255). In the

19  first instance, the findings and recommendations were vacated by this court; in the second, as

20  noted above, they were adopted by the assigned district judge but that order was subsequently

21  vacated. The case has reached the stage set by the court's January 20, 2012 order for resolution

22  of dispositive motions. Plaintiff's failure to respond in any way to defendants' motions for

23  summary judgment or this court's order to show cause, strongly suggests that he has abandoned

24  this action and that further time spent by the court thereon will consume scarce judicial resources

25  in addressing litigation which plaintiff demonstrates no intention to pursue.

26  /////

3

1    The fifth factor identified by the court in Ferdik also favors dismissal here.  The

2    court has advised plaintiff of the requirements under the Local Rules and granted him more than

3    ample additional time to oppose the pending motions, all to no avail.  The court therefore finds

4    no suitable alternative to dismissal of this action.

5    Under the circumstances of this case, the third factor, prejudice to defendants

6    from plaintiff's failure to oppose the motion, should be given little weight.  Plaintiff's failure to

7    oppose the motion does not put defendants at any disadvantage in this action.  See Ferdik, 963

8    F.2d at 1262.  Indeed, defendants would only be "disadvantaged" by a decision by the court to

9    continue an action plaintiff has abandoned.  The fourth factor, public policy favoring disposition

10   of cases on their merits, weighs against dismissal of this action as a sanction.  However, for the

11   reasons set forth supra, the first, second, and fifth factors strongly support dismissal and the third

12   factor does not mitigate against it.  Under the circumstances of this case, those factors outweigh

13   the general public policy favoring disposition of cases on their merits.  See Ferdik, 963 F.2d at

14   1263.

15   For the foregoing reasons, this court will recommend that this action be dismissed

16   pursuant to Fed. R. Civ. P. 41(b).[2]

17   In accordance with the above, IT IS HEREBY ORDERED that the hearing set for

18   May 11, 2012 is vacated; and

19   IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to

20   Federal Rule of Civil Procedure 41(b).

21   These findings and recommendations are submitted to the United States District

22   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

23

24    [2]  Federal Rule of Civil Procedure 41(b) provides in relevant part that "unless the
      dismissal order states other wise, a dismissal under this subdivision (b) . . . operates as an
      adjudication on the merits" and is with prejudice.  See Lal v. California, 610 F.3d 518, 523-24

25   (9th Cir. 2010).  Although the court is not reaching the merits of the pending motions for
      summary judgment, the court's recommendation is that dismissal of this action under Fed. R.

26   Civ. P. 41(b) operate as an adjudication on the merits.

4

1   days after being served with these findings and recommendations, any party may file written

2   objections with the court and serve a copy on all parties.  Such a document should be captioned

3   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

4   objections shall be filed and served within fourteen days after service of the objections.  The

5   parties are advised that failure to file objections within the specified time may waive the right to

6   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7   DATED: May 8, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
yell1298.46fr